UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE LEBLANC and DANIEL CAMP,<br><br>  Plaintiffs,<br><br>  v.<br><br>SCOTT KERNAN, et al.,<br><br>  Defendants. | NO. CV 18-1284-DSF (AGR)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE TRANSFERRED TO THE EASTERN DISTRICT OF CALIFORNIA |

On February 16, 2018, the pro se prisoner-plaintiffs Antoine LeBlanc and Daniel Camp filed a civil rights complaint. For the following reasons, the Court orders them to show cause in writing, by no later than *March 30, 2018,* why the Court should not transfer the case to the Eastern District of California on venue grounds.

## **ALLEGATIONS IN THE COMPLAINT**

Plaintiffs allege that, prior to January 16, 2018, they were housed at CHCF (California Health Care Facility) in Stockton, California, which is in the Eastern District of California. On January 16 and 17, Plaintiffs were transferred to California State Prison - Los Angeles County ("CSP - LAC") for their joint trial on

charges of the attempted murder of a peace officer at CSP - LAC in 2016. Plaintiffs allege that they filed grievances on the grounds that, in the attempted murder incident, they were the victims of the guards' excessive use of force. While at CHCF, they "were told by multiple staff that if we didn't stop filing lawsuits and [grievances] they would transfer us." (Compl. at 5-6.[1])

On January 20, 2018, an unidentified person told Plaintiffs that they were being transported back to Stockton, their "endorsed prison." Instead, they were transported to California State Prison - Corcoran, which is also in the Eastern District, "without notice, a committee hearing, or regard to our mental health." Once at Corcoran, where Plaintiffs both remain in Administrative Segregation ("Ad Seg"), Plaintiff LeBlanc was the victim of various wrongs at the hands of prison staff. During an "illegal cell extraction," guards used excessive force against LeBlanc. When LeBlanc refused to eat for his first ten days at Corcoran, unspecified staff "did not let him see medical staff except one time." On January 26, 2018, an unnamed captain told him "if I started filing anything here that I would end up missing and he would transfer us wherever he wanted, whenever he wanted." Unspecified persons at CSP - Corcoran have retaliated against LeBlanc by falsely telling inmates that he has an "R" suffix, signifying a status as a sex offender, thereby placing LeBlanc at risk. (*Id.* at 6,8.) Unspecified persons at CSP - Corcoran are "attempting to put us on a yard where Sensitive Needs Yard inmates are attacking General Population inmates. We are both general population inmates." (*Id.* at 8.)

Plaintiffs allege CHCF, CSP-Corcoran and CSP-LAC "are all mental health EOP hubs and are attempting to Plaintiffs between these 3 prisons at will to stymie and hinder [Plaintiffs'] litigation" relating to the 2016 altercation that resulted in the attempted murder charges. (*Id.* at. 8, 10.) Unspecified CSP -

---

[1] Page citations are to the page numbers assigned by the CM/ECF system in the header.

2

Corcoran personnel, Plaintiffs allege, "are now saying we cannot leave Ad/Seg and we will die here." (*Id.* at 10.)

Based on these allegations, Plaintiffs claim that Scott Kernan, Secretary of the California Department of Corrections and Rehabilitation, is responsible for (1) "a failure to train and supervise his subordinates," and (2) a failure to investigate [Plaintiffs'] allegations of excessive force underlying the criminal case[.]" (*Id.* at 10.) Plaintiffs also sue Wardens Debbie Asuncion of CSP - LAC, Michael Martel of CHCF, and the Warden of CSP - Corcoran. Plaintiffs sue all four defendants solely in their official capacity. (*Id.* at 3-4.) Plaintiffs seek an injunction barring prison officials from transferring Plaintiffs away from their "endorsed prison" (CHCF in Stockton), from interfering with their litigation and grievance efforts, and from retaliating against them. (*Id.* at 10, 12.) Plaintiffs state that they are, indeed, mentally decompensating. (*Id.* at 12.)

## **VENUE PROPERLY LIES IN THE EASTERN DISTRICT**

"A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). When a case is filed in a district in which venue is entirely misplaced, the district court "shall dismiss, or if it be in the interest of justice, transfer such case" to a district in which venue properly lies. 28 U.S.C. § 1406(a). When a case is filed in a district when venue is proper but a different district is more convenient for the parties and witnesses, then, "in the interest of justice, a district court may transfer [the] action to any other district or division where it might have been brought or to any district or division to which all parties

3

have consented." 28 U.S.C. § 1404(a).

Venue does not appear to be proper in the Central District of California. Although Warden Asuncion of CSP-LAC is in this district, Plaintiffs do not allege any wrongful act or omission occurring in this district. They do not even allege that Asuncion or CSP-LAC made the decision to transfer them to Cocoran as opposed to CHCF. *See Ashcroft v. Iqbal*, 556, U.S. 662, 678 (2009).

The Court may invoke 28 U.S.C. § 1406(a) to transfer this case to the Eastern District. Venue plainly lies there, for that is the district (1) in which CHCF is located; (2) in which they are currently confined at CSP-Corcoran; and (3) in which the Wasco prison, to which some CSP-Corcoran employees have allegedly sought to transfer Plaintiff LeBlanc, is found.[2] Moreover, even if venue properly lies in this district based on the inclusion of Warden Asuncion as a defendant, it appears clear that most of the parties, witnesses, and evidence will be found in the Eastern District and, thus, that the convenience of parties and witnesses, and the interests of justice, will be better served by transferring the case there pursuant to 28 U.S.C. § 1404(a).

District courts may raise sua sponte the issue of improper or inconvenient venue, so long as they give the affected parties an opportunity to be heard before ordering a transfer. *Costlow v. Weeks*, 790 F.2d 1488 (9th Cir. 1986) (affirming § 1406(a) transfer made after a show-cause order and opportunity to be heard).\

///
///
///
///
///

---

[2] The CHCF is in Stockton, in San Joaquin County. Corcoran is in Kings County. Wasco is in Kern County. All three of these counties are in California's Eastern District. 28 U.S.C. § 84(b).

4

IT IS THEREFORE ORDERED that, by no later than *March 30, 2018*, Plaintiffs shall show cause in writing why the action should not be transferred to the United States District Court, Eastern District of California, on grounds of improper or inconvenient venue. If Plaintiffs do not file a timely response to this order, then the action may be transferred to the Eastern District of California.

DATED: February 28, 2018

ALICIA G. ROSENBERG
United States Magistrate Judge